**Marion E. CHARLES, Jr., Plaintiff,**

v.

**Mayor Sharon Pratt KELLY, et al., Defendants.**

**Civ. A. No. 91–2192 (CRR).**

United States District Court, District of Columbia.

April 23, 1992.

Marion Edward Charles, Jr., pro se.

Kenneth O. Eikenberry, Atty. Gen., State of Wash., and Therese M. Wheaton, Asst. Atty. Gen., Olympia, Wash., for defendant Washington State.

John Payton, Corp. Counsel, D.C., Michael Zielinski, Asst. Deputy Corp. Counsel, D.C., Richard S. Love, Asst. Corp. Counsel, D.C., Chief, Correctional Litigation Section, Kenneth Marty and Sherman Robinson, Asst. Corp. Counsel for District of Columbia, for defendant Mayor Sharon Pratt Kelly, et al.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are Motions to Dismiss filed by the District of Columbia defendants [1] and the Washington State Defendants [2] in the above-captioned action. The plaintiff brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights arising from medical care he received while incarcerated both at a penitentiary in Walla Walla, Washington, and at the District of Columbia Central Facility in Lorton, Virginia ("Lorton"). The Court

1. The District of Columbia defendants are Mayor Sharon Pratt Kelly, and of the District of Columbia Department of Corrections: Director W. Ridley, Administrator J. Bragg, Dr. C. Jackson, "et al". Complaint at 5.

2. The Washington State defendants are Governor Booth Gardner, Dr. Dale Fetroe, Herb Smeed, and H. Jones. According to defendants, H. Jones was not served. See Complaint at 5; Washington State Def.Mot. to Dismiss at 1.

has carefully considered the submissions of all parties, the applicable law, and the entire record herein, and concludes that the defendants' motions must be granted because the plaintiff fails to allege facts or produce evidence sufficient to support his claims. The Court shall, however, deem the plaintiff's complaint to be amended to include additional allegations against the District of Columbia defendants which were contained in one of plaintiff's responsive pleadings, and shall give the D.C. defendants an opportunity to respond to these charges.

## I. *Background*

The plaintiff is currently incarcerated at the Lorton facility. He alleges that while incarcerated at the Washington State facility, he was given a skin test for tuberculosis which indicated a positive reaction. A subsequent chest X-ray and blood test indicated a negative reaction. On about December 9, 1988, he was prescribed a medication known as Isoniazid ("INH"). After taking this medication for about two weeks, he complained to the medical staff of various symptoms including tingling, needles, numbness, headaches and "inflamed burning pain" throughout his body. Complaint IV(a); Pl.Opp. to Washington State Mot. at 1–2. A subsequent blood test revealed that his liver enzymes were elevated, and on or about February 2, 1989, Dr. Fetroe prescribed vitamin B–6 to treat possible side effects of the INH. Complaint IV(a).

Plaintiff also alleges that on or about September 5, 1989, he was transferred to Lorton. He notified the medical staff about his treatment in Washington State and additional abdominal, neck and back pains. The medical staff allegedly told him that they did not know what was causing his symptoms. The plaintiff alleges that he received no treatment for his ailments. Complaint at IV(a). The D.C. defendants rebut these allegations with medical records documenting extensive medical treatment of the plaintiff. D.C.Def.Mot. to Dismiss, Ex. 1.

In his oppositions to the motions to dismiss, the plaintiff makes further allegations and offers some supporting evidence. For example, he contends that Washington State prison officials "maliciously" recorded false information on his medical charts, indicating that he had no complaints since starting the INH (whereas he contends he suffered from the various symptoms described above). Pl.Opp. to Washington Def.Mot. at 3; Pl. First Opp. to D.C.Def.Mot.Ex. 8. He contends, based on the *Physician's Desk Reference Book* (1990) that INH should be discontinued if there are signs of hepatic damage. Pl.Opp. to Washington Def.Mot.Ex. A. He contends that the physicians improperly continued him on the INH medication even after they knew of his "hypersensitivity" to it. Pl.Opp. to Washington Def.Mot. at 3.

The plaintiff further alleges (in a responsive pleading) that while the physicians at the Washington facility failed to prescribe vitamin B–6 along with the INH initially to prevent liver damage to the plaintiff, an African–American, in the case of a white inmate, they did prescribe vitamin B–6. He provides a signed statement from the white inmate to support this contention. Pl.Opp. to Washington Def.Mot. Ex. 1.

In plaintiff's most recent pleading, he claims that the treatment under which he has been transported by prison officials to D.C. General Hospital violates the Eighth Amendment. Pl.Opp. filed March 18, 1992 at 5.

Plaintiff alleges that the allegedly inadequate medical care he received deprived him of both his Eighth Amendment and Fourteenth Amendment rights, in that he was subjected to cruel and unusual punishment and racial discrimination. In one of his pleadings, he also argues that defendants violated D.C.Code § 24–442.

## II. *Analysis*

### A. The Washington State Defendants' Motion to Dismiss

A motion to dismiss may be granted only when the moving party has shown "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Moreover, a complaint must be liberally construed, granting the complainant "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C.Cir.1979), quoting *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969).

It is unclear whether the plaintiff brings this suit against the Washington State defendants in their official or individual capacities, or if he sues them for their own actions or under a *respondeat superior* theory. To the extent that this suit is brought against the state officials under a *respondeat superior* theory, it must be dismissed because "public officials are not vicariously responsible for the acts of their subordinates". *Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C.Cir.1987).

■ If this suit is against the Washington State defendants in their official capacities, it must be treated as a suit against the State of Washington. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Under the Eleventh Amendment, however, the State of Washington is immune from a § 1983 suit for damages absent waiver from the State. *Edelman v. Jordan*, 415 U.S. 651, 677, 94 S.Ct. 1347, 1362, 39 L.Ed.2d 662 (1974); *Kentucky v. Graham*, 473 U.S. at 169, 105 S.Ct. at 3107. The State of Washington has not waived its immunity from suit in this Court; therefore to the extent plaintiff seeks damages from the Washington State defendants in their official capacities the claim must be dismissed.[3]

■ To the extent that the plaintiff is suing the defendants in their personal capacities, the doctrine of qualified immunity protects them from this suit. As stated in

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982):

> "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

Moreover, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery". *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

■ The plaintiff's allegations do not state a claim against the Washington State defendants for violation of a clearly established constitutional right. To state an Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Moreover,

> [i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs or restoring official control over a tumultuous cellblock.

*Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). To constitute cruel and unusual punishment, conduct must involve more than ordinary lack of due care. Negligence does not state a claim. *Id.; Morgan v. District of Columbia*, 824 F.2d 1049, 1057 (D.C.Cir. 1987).

---

3. The Court need not consider whether the plaintiff states a claim against the State of Washington for injunctive relief, because no claim for injunctive relief against the Washington State defendants is properly before this Court. While in his complaint the plaintiff asks the Court "to prevent these damages from occurring to me or anyone else," this request can-

not be construed as a demand for injunctive relief against the Washington State defendants, because the plaintiff is no longer under the control of those officials. The Court could not issue an order directing Washington State to prevent damage to "anyone else" because this is not a class action and no other plaintiffs are before the Court.

Here, the plaintiff has failed to allege any conduct on the part of any of these individual defendants which rises to the level of a clear violation of the Eighth Amendment. The only allegation possibly rising to Constitutional proportions is the plaintiff's claim that the "defendants" maliciously and incorrectly noted in his Washington State medical records that he suffered from no complaints since starting to take INH medication. Pl.Opp. to Washington State Def.Mot. at 3. However, plaintiff does not allege which defendant made this allegedly incorrect notation; therefore the Court can hold none of these defendants personally responsible for the alleged violation.

■ The plaintiff added a discrimination claim in his responsive pleadings based on the Fourteenth Amendment. This claim rests solely on his allegation that a white prisoner was given vitamin B–6 along with the INH medication at the Washington State facility while the plaintiff was not given the vitamin. The plaintiff supports this allegation with a signed statement from the white prisoner. Pl.Opp. to Washington State Def.Mot.Ex. 1. As the plaintiff did not make this allegation in his complaint, and did not cite the Fourteenth Amendment in his complaint, the Washington State defendants did not have notice of this claim and cannot be held responsible for it here. See Fed.R.Civ.P. 8(a).[4]

■ Accordingly, neither the plaintiff's Eighth Amendment nor Fourteenth Amendment claims can withstand the Washington Defendants' Motion to Dismiss. Even assuming arguendo that the plaintiff successfully stated a claim against the Washington State defendants, the plaintiff's claim against them must fail for lack of personal jurisdiction. The Washington State defendants have objected to

the exercise of jurisdiction over them, see Washington State Def.Mot. to Dismiss at 14, and the plaintiff has alleged no contacts between the Washington State defendants which would justify the exercise of personal jurisdiction here. See generally D.C.Code § 13–423. The Court divines no such contacts which could bring the Washington State defendants within the reach of the D.C. long-arm statute.

B. The District of Columbia Defendants' Motion for Summary Judgment

In order to prevail in a Motion for Summary Judgment,[5] the defendants must show "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) but the Court must believe the non-movant's evidence and draw all justifiable inferences in his or her favor. Id. at 255, 106 S.Ct. at 2513.

As with the Washington State defendants, it is unclear whether the plaintiff is suing the District of Columbia defendants in their individual or official capacities or under a respondeat superior theory. See Complaint generally.

■ If the plaintiff is suing the defendants in their official capacities, the suit is to be treated as a suit against the District of Columbia. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). If plaintiff's claim rests on respondeat superior, his claim must fail, because "a municipality cannot be held liable under § 1983 on a respondeat superior theory. Monell v. Dep't of

---

4. The Court shall not construe this additional allegation against the Washington State defendants as an amendment to the complaint, and thereby retain jurisdiction over the Washington State defendants, because the plaintiff has not shown a basis through which this Court can exercise personal jurisdiction over those defendants in the first instance. See discussion, above.

5. Because the defendants submitted documents beyond the pleadings to support their Motion, the Court shall treat it as a Motion for Summary Judgment rather than a Motion to Dismiss. See Fed.R.Civ.P. 12(b), 56.

*Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d ·611 (1978). Apart from a *respondeat superior* theory, under § 1983, local governments can be sued only where the entity is a "moving force" behind the violation. *Id.* That is, the municipality may be sued where the action alleged to be unconstitutional "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2035–36.

There is no evidence, or even any allegations which support the contention that the District of Columbia officials here were acting pursuant to any policy, regulation, or official decision regarding the plaintiff's complaints as to medical care. Therefore, the plaintiff's claims against the D.C. defendants in their official capacities set forth in his complaint must be dismissed.

■ If the suit is against the defendants in their individual capacities, a *respondeat superior* theory is unavailable because, as previously stated, the theory is inapplicable to public officials. *See Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C.Cir.1987). As to liability for their own actions, the D.C. defendants, like the Washington State defendants, have qualified immunity which shields them from liability for the allegations against them in the complaint. *See* discussion, *supra*, at 5; *Harlow v. Fitzgerald*, 457 U.S. at 818, 102 S.Ct. at 2738; *Mitchell v. Forsyth*, 472 U.S. at 526, 105 S.Ct. at 2815. There are no allegations in the complaint nor evidence in the record that any of the D.C. defendants personally violated the plaintiff's clearly established Eighth Amendment or Fourteenth Amendment rights.[6]

■ The plaintiff has attempted, in his responsive pleadings, to append a claim that the D.C. defendants' conduct violated D.C.Code § 24–442. *See* Pl. First Opp. to D.C.Def.'s Mot. to Dismiss at 2. However, the Court is unable to find legal precedent linking this Code provision with claims of medical malpractice. Therefore, the Court declines, in its discretion, to retain jurisdiction on this pendent statutory claim regarding an unsettled area of local law. *See Financial General Bankshares, Inc. v. Metzger*, 680 F.2d 768, 775–78 (D.C.Cir. 1982).

■ Although the Court finds that the plaintiff cannot receive, in this forum, the relief he seeks for the conduct alleged in his complaint, this holding does not leave the plaintiff without a remedy. Many of his claims seem, at bottom, to be claims of negligence. Claims of negligence against prison officials should be addressed by traditional tort law, which the plaintiff may pursue in state court. *Daniels v. Williams*, 474 U.S. 327, 332–33, 106 S.Ct. 662, 665–66, 88 L.Ed.2d 662 (1986).[7]

■ In the plaintiff's most recent opposition to the D.C. defendants' motion, he has made some new allegations against the District of Columbia defendants to which they have not had an opportunity to respond. *See* Pl.Opp. to D.C.Mot. filed March 18, 1992. The Court could dismiss these allegations as beyond the scope of this lawsuit. *See* Fed.R.Civ.P. 8(a); 12(b)(6). However, taking the plaintiff's status as a *pro se* litigant into account, the Court shall deem the complaint to be amended to include these allegations and shall direct the District of Columbia defendants to respond to them. The District of Columbia defendants shall address, *inter alia*, the plaintiff's allegations that the conditions under which he was transported to

---

**6.** The plaintiff's complaint may be construed as seeking injunctive relief in addition to monetary damages. *See* Complaint at 5. Qualified immunity is unavailable for injunctive relief. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. Nonetheless, the plaintiff fails to state a claim for an Eighth Amendment violation because there are neither allegations nor evidence of any personal involvement of any of the individual D.C. defendants which could support an inference of "de-

liberate indifference to serious medical needs." *See Estelle v. Gamble*, 429 U.S. at 106, 97 S.Ct. at 292; D.C.Mot.Ex. 1.

**7.** The plaintiff here may pursue his negligence claims in the District of Columbia Superior Court or in Washington State Court. *See, e.g.* D.C.Code § 11–921(a).

the D.C. General Hospital amounted to cruel and unusual punishment, and that he was denied vitamin treatment and a necessary special diet pass.

### III. *Conclusion*

For all of the reasons previously stated herein, the Court shall grant the Washington State Defendants' Motion to Dismiss and shall grant the District of Columbia Defendants' Motion for Summary Judgment. However, because the plaintiff has raised some new allegations in his responsive pleading to the D.C. defendant's motion, the Court shall treat that pleading as an amendment to the complaint and shall direct the District of Columbia defendants to respond thereto.

An appropriate Order shall be entered on this date in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Court's Memorandum Opinion filed on this date, and for the reasons stated therein, it is, by the Court, this 23 day of April, 1992,

ORDERED that the Washington State Defendants' Motion to Dismiss shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the District of Columbia Defendants' Motion to Dismiss or for Summary Judgment shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the plaintiff's complaint shall be deemed amended to include those new allegations contained in his March 18, 1992 responsive pleading; and it is

FURTHER ORDERED that the Corporation Counsel for the District of Columbia shall show cause, within thirty (30) days of the date of this Order whether these new allegations should be dismissed; and it is

FURTHER ORDERED that the plaintiff shall have twenty (20) days from the date he is served with the Corporation Counsel for the District of Columbia's response to the Court's show cause order in which to file any opposition with the Court; and it is

FURTHER ORDERED that the Corporation Counsel for the District of Columbia shall be, and hereby is, directed to serve a copy of its response to the Court's show cause order on plaintiff by certified mail return receipt requested and to then file a copy of the return receipt with the Court.